Andrew Shaw v. The State.

No. 5646. Decided January 21, 1920.

1.—Assault to Rape—Argument of Counsel—Suspended Sentence.

Where, upon trial of assault to rape, defendant pleaded for a suspended sentence, there was no reversible error in the argument of State's counsel

that there was no fact in the case that should appeal to the jury for a suspended sentence, and if they should suspend the sentence they would not have any assurance that he would not attempt to rape some other woman, etc., the evidence supporting the remarks of counsel.

**2.—Same—Newly Discovered Evidence.**

There was no error in overruling the defendant's motion for new trial under a conviction of assault to rape, contending that there was no moonlight at the time of the commission of the offense, and that the almanac would show this fact, there being nothing to show that he did not know this fact or could have discovered the same before ordering the trial of the case.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of assault with intent to commit rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of argument of counsel: Kennedy v. State, 19 Texas Crim. App., 618; Williams v. State, 75 Texas Crim. Rep., 56, 170 S. W. Rep., 708; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52; Little v. State, 77 Texas Crim. Rep., 339, 178 S. W. Rep., 326.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to rape, his punishment being assessed at three years in the penitentiary.

A bill of exceptions recites that the county attorney in his opening argument said, in substance, replying to the application of the defendant for a suspended sentence: "Gentlemen of the Jury: The defendant applies to you for a suspended sentence. The evidence in this case shows beyond question that the defendant is guilty of an aggravated assault with intent to rape. He is a man of middle age and thoroughly mature and if you should find him guilty and suspended his sentence what assurance have you that he would not attempt to rape some other woman. There is not a fact in this case that should appeal to you for a suspended sentence." Exception was reserved because this argument was calculated to arouse the passions of the jury and create a prejudice in the minds of the jury against the defendant. The court overruled the exception, and the bill presented by appellant was refused and this bill filed in its place by order of the court, on the ground, as the court states, defendant's bill did not fairly present the facts constituting the exceptions, and the court certifies the above as a correct statement of the facts as they occurred, and states no special charge was asked by the defendant instructing the jury not to con-

sider the argument. This argument was not of such a nature as requires a reversal of the case. The facts show that appellant did commit the assault; that he entered the home of prosecuting witness where she and her husband were, and exhibited a larg pistol, and undertook to have intercourse with her, using considerable violence towards her person; that he was a fully grown and mature man as shown by the testimony, and also that he had been previously arrested for assault to rape on a woman named Effie Threadgill. Appellant testified: "I also know a negro woman they call 'Big Mouth Molly,' and was accused of making an assault on her." In view of this record we are of opinion there is not such error in the argument of the county attorney that requires a reversal.

In one of the grounds of the motion for new trial it is stated that the moon on the night of the alleged rape, as shown by an almanac, "set" at 1:52 in the morning, and appellant says this was important by reason of the fact that the State's witness Jessie Jones, the prosecutrix, said that she recognized appellant partly by the light made by the moon shining through her window. The testimony is to the effect that the entrance by appellant into the house of prosecuting witness and his attack upon her occurred between midnight and day. This is not alleged as newly discovered testimony, nor is it sworn to by defendant, nor is there anything to show but that he knew this fact or could have discovered and brought it out upon the trial of the case. If the moon had in fact set at the time of the alleged assault, he knew it or could have easily ascertained it. The whole matter, his recognition and identity was an issue in the case. There was an attack made on the testimony to the effect that the moon was in such position with the room prosecutrix occupied that it would not shine in the room. In the manner in which this matter is presented it does not require consideration.

The judgment will be affirmed.

*Affirmed.*